UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

IN RE: APPLICATION OF EVISON
HOLDINGS LIMITED                                              No. 1:20 MC 246-LTS

---------------------------------------------------------x

ORDER

On June 30, 2020, Evison Holdings Limited ("Evison") filed an application (Docket Entry No. 1, the "Application"), seeking expedited assistance pursuant to 28 U.S.C. § 1782, which empowers the district court to order persons who reside or may be found in the district to provide information by way of "[a]ssistance to foreign and international tribunals and to litigants before such tribunals." 28 U.S.C.A. § 1782 (Westlaw through P.L. 116-148).[1] In its Application, Evison requests an order permitting it to serve subpoenas on BrokerCreditService Cyprus, Ltd. ("BCS Cyprus") and BrokerCreditService Americas, Inc. ("BCS Americas"). Through these subpoenas, Evison seeks to obtain documents and testimony in aid of (1) an arbitration between Evison and Finvision Holdings Limited (in Cyprus) and International Company Finvision Holdings (Limited Liability Company) (together, "Finvision"), which is now pending before the London Court of International Arbitration ("LCIA"), and (2) a Russian criminal investigation, to which Evison is not a party, involving charges of fraud and embezzlement against four former directors of Orient Express Bank ("OEB"), including American businessman Michael Calvay.

---

[1] Section 1782 provides, in relevant part: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person . . ."

On July 8, 2020, the United States Court of Appeals for the Second Circuit issued an opinion reaffirming its prior holding in National Broadcasting Co. v. Bear Stearns & Co., 165 F.3d 184 (2d Cir. 1999), that private commercial arbitrations are not "proceeding[s] in a foreign or international tribunal" as to which Section 1782 may be invoked.  In Re Guo, No. 19-781, 2020 WL 3816098, at *5-6 (2d Cir. July 8, 2020), as amended (July 9, 2020).  The Court requires supplemental briefing concerning the impact of In re Guo and on additional issues, as follows.

Evison is hereby ordered to file a supplemental memorandum of law, no later than **July 24, 2020**, addressing whether, in light of the Second Circuit's decision in In re Guo, it wishes to withdraw its argument that the LCIA arbitration between itself and Finvision is a "proceeding in a foreign or international tribunal" for purposes of Section 1782.  Evison may attach revised proposed subpoenas to its supplemental memorandum, if appropriate.

Evison's supplemental memorandum shall also address:

1. What interest Evison has in the Russian criminal investigation, aside from its financial interest(s) and interest in obtaining Calvay's testimony for use in the LCIA arbitration, see In re Sargeant, 278 F. Supp. 3d 814, 823 (S.D.N.Y. 2017) ("The fact that Sargeant may have a financial interest in the outcome of that litigation is also insufficient 'to confer "interested person" status under the statute.' . . . Moreover, the mere fact that Sargeant is able 'simply to pass on information' to LAIL does not alone confer 'interested person' status.") (citations omitted);

2. To the extent known, the location of the documents Evison seeks, see In re del Valle Ruiz, 939 F.3d 520, 533 (2d Cir. 2019) ("[A] court may properly, and in

fact should, consider the location of documents and other evidence when deciding whether to exercise its discretion to authorize such discovery.");

3. Russian criminal courts' receptiveness to the submission of evidence by a non-party to the underlying criminal proceeding[2]; and

4. Whether Evison has sought or is seeking the requested discovery, through legal proceedings or otherwise, in Russia, Cyprus, or any other foreign country.

SO ORDERED.

Dated: New York, New York
July 16, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[2] The Court appreciates the statement from Mr. Calvay's criminal defense attorney, that "Mr. Calvay and other Executives would urgently need the requested Documents" at trial (Docket Entry No. 3 at 12), but notes that Evison, not Mr. Calvay, is the relevant applicant in this action.